25 N.J. Super. 473 (1953)
96 A.2d 718
SOL H. BURGER, TRADING AS NOVELTY DISTRIBUTING CO., PLAINTIFF,
v.
JAMES DUMAS AND CARRIE DUMAS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 30, 1953.
*474 Messrs. Wilentz, Goldman, Spitzer & Sills (Mr. Arthur J. Sills appearing), attorneys for plaintiff.
Mr. Emanuel M. Ehrenkranz, attorney for the defendant Carrie Dumas.
DANIEL J. BRENNAN, J.S.C.
This matter is before the court on motion made in behalf of the defendant Carrie Dumas for the entry of an order vacating and setting aside the sale on December 23, 1952, by the Sheriff of Essex County, of premises commonly known and designated as 24 Richmond Street, in the City of Newark.
Historically it appears that on June 8, 1948 the plaintiff obtained a judgment in the district court against James Dumas (now deceased) and Carrie Dumas in the sum of $367.25. At the date of the entry of this judgment these defendants were married to each other. The judgment was, on July 20, 1949, docketed in the office of the Clerk of the Superior Court at Trenton. The judgment, together with accrued costs as of that date, was in the sum of $393.13. The record reveals that execution was issued out of the district court on June 10, 1948 and returned October 25, 1948, unsatisfied. Thereafter, on October 3, 1949 fi. fa. was issued and returned unsatisfied. On October 15, 1952 an alias writ was issued and thereunder the Sheriff of the County of Essex caused the locus in quo to be advertised for sale. The sale was set for December 23, 1952. The advertisement recites, inter alia, that "the approximate amount of the judgment to be satisfied by said sale is the sum of Four Hundred *475 and Three Dollars and Seventy-six Cents ($403.76), together with the costs of this sale. To be sold subject to any and all prior liens, one of which is a mortgage to the Midtown Savings & Loan Association in the nominal sum of $4,000.00." (Underscoring by the court) The first publication of this notice was made on November 26, 1952.
The premises were purchased by Atlas Credit Company, a corporation of the State of New Jersey, of which Sol H. Burger, the plaintiff, is a principal, for the sum of $775, subject to the lien of the aforesaid mortgage. It appears that there was due on said mortgage but $1,386.34. The exact amount was known to Leo Neiwirth, the attorney of the plaintiff, as early as November 21, 1952  before the publication of the first notice of the sale.
Counsel for the respective parties hereto are in accord that the property in question has a market value of at least $4,000, although the attorney for the present defendant urges that the equity in these premises is in that amount.
James Dumas, one of the defendants against whom judgment was obtained, died prior to the publication of the sheriff's notice of sale. Carrie Dumas, the co-defendant, was his widow. It further appears that prior to his marriage to Carrie Dumas, James Dumas was married to one Della Day Dumas. It is manifest that Della Day Dumas had no interest, either inchoate or consummate, in said real estate and that the judgment here the subject matter of consideration was not entered against her, but against James Dumas and Carrie Dumas  his second wife.
In his affidavit filed with the court, Mr. Neiwirth (counsel for the plaintiff judgment-creditor) indicates that at this sale he made known to those present that the property was being offered for sale subject to the mortgage held by the Midtown Savings and Loan Association. Counsel also stated that there was outstanding of record a judgment in the Essex County Circuit Court against Della Day Dumas, entered May 14, 1934, in the amount of $6,512.01. It is significant here to note that Della Day Dumas is not a necessary or a proper party to these proceedings and that any *476 judgment against her was not a lien on the premises so sold by the sheriff. Cf. R.S. 2:27-333, N.J.S.A. The affidavit filed by Mr. Neiwirth is discreetly silent with reference to any announcement of the true amount due on the mortgage encumbrance. The court is of the opinion that the announcement at the sheriff's sale of the judgment against Della Day Dumas, coupled with the failure to make proper disclosure of the exact amount due on the mortgage, had the effect of thwarting competitive bidding.
The motion before the court is to vacate the sale of December 23, 1952; also, to fix the amount owing on the judgment and permit the defendant Carrie Dumas to pay the true amount so due, in exchange for a warrant for satisfaction of the judgment.
Taking into consideration all of the facts and circumstances here attendant, this court concludes that the motion to vacate the sale should be granted. No costs will be allowed.
If counsel cannot agree among themselves as to the exact amount due to the plaintiff on his judgment, this court will, upon application, set a day and hour for the taking of oral testimony, having for its object the fixing of the amount due to the plaintiff.
An order in accordance with the views here expressed should be submitted.